IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MFP, Inc., a New Mexico corporation,
Mark Pagels, and Linda Pagels,

        Plaintiffs,

v.                                                            No. 1:15-cv-00313-SMV-KBM

Michael W. Porter and
National Property Valuation Advisors, Inc.,

        Defendants.

## **NATIONAL PROPERTY VALUATION ADVISORS, INC.'s MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant National Property Valuation Advisors, Inc. ("NPVA") respectfully moves this Court for an order dismissing Counts I through V of Plaintiffs Amended Complaint (Doc. 1-2). In support of its motion, NPVA states as follows:

1. On November 20, 2014, Plaintiffs filed their complaint in the Second Judicial District Bernalillo County Court. Plaintiffs amended their complaint on March 20, 2015 (Doc.1-2).

2. On April 17, 2015, Defendant Michael Porter, with the consent of NPVA, removed the case (*See* Notice of Removal (Doc. #1).)

3. Under New Mexico Law, Plaintiffs' Amended Complaint alleges five claims against NPVA:

    a. Count I alleges that NPVA is liable for negligence and negligence *per se*;

    b. Count II alleges that NPVA is liable for a violation of the Unfair Trade Practices Act;

    c. Count III alleges that NPVA is liable for negligent misrepresentation;

d. Count IV alleges that NVPA is liable for breach of contract; and

e. Count V alleges that NPVA is liable for prima facie tort.

(*See* Am. Comp. (Doc. 1-2), *passim*.)

4. Pursuant to Federal Rule of Civil Procedure 12(b)(6), NPVA moves to dismiss all five claims against it for failure to state a claim for the following reasons:

a. Plaintiffs have no claim against NPVA under any theory - either in contract or tort. The appraisal underlying Plaintiffs' claims was prepared for the exclusive use and benefit of Plaintiffs' lender; NPVA had no relationship with Plaintiffs. Therefore, NPVA did not owe a duty to Plaintiffs as a matter of law.

b. There is no proximate causation connecting NPVA's alleged conduct with Plaintiffs' supposed harm. A series of independent intervening events, by and between Plaintiffs and Plaintiffs' lender, occurred after NPVA's last action and broke the causal chain from NPVA.

c. Plaintiffs fail to allege any well-plead facts giving rise to a duty (Count I). Under *Iqbal* and *Twombly*, the allegation that NPVA "owed a duty of care regarding the preparation of the Appraisal Report" is an insufficient conclusion. Furthermore, Plaintiffs cannot allege negligence *per se* because they not entitled to a private cause of action under any statute cited.

d. The Unfair Trade Practices Act (Count II) may only be asserted by a buyer in the purchasing chain of goods or services. However, Plaintiffs do not allege they purchased any product or service from NPVA or re-purchased anything from an intermediary of NPVA. They do not have standing to allege a claim. Nonetheless, Plaintiffs have failed to provide any factual support to plead the elements of an Unfair Trade Practices Act claim.

e. Plaintiffs' claim for negligent misrepresentation (Count III) fails as Plaintiffs had no legal right to rely on the appraisal prepared for Plaintiffs' lender. Plaintiffs' own alleged actions nonetheless show that they did not rely on the appraisal.

f. Plaintiffs cannot state a cause of action for breach of contract (Count IV) because they were not in contractual privity with NPVA. Neither were Plaintiffs intended third party beneficiaries to the appraisal. The appraisal states that it was for the exclusive use and benefit of Plaintiffs' lender and disclaims any liability from NPVA to third parties.

g. Plaintiffs' claim for prima face tort (Count V) fails as their own allegations contradict the elements of a prima facie tort claim. Plaintiffs allege that NPVA acted negligently and unlawfully, while the act requires that Plaintiffs allege NPVA acted intentionally and lawfully. Notwithstanding, NPVA's actions are justified where NPVA was hired by Plaintiffs' lender for the purpose of issuing an appraisal.

5. NPVA is contemporaneously filing a memorandum in support of this motion.

## CONCLUSION

For the foregoing reasons, and as set forth in more detail in its supporting memorandum, defendant National Property Valuation Advisors, Inc. respectfully requests that Counts I through V of Plaintiffs' Amended Complaint be dismissed with prejudice.

ARNSTEIN & LEHR LLP

By: /s/ John C. Gekas
John C. Gekas
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606-3910
Telephone (312) 876-7124
jgekas@arnstein.com


By: /s/ Michael A. Jacobson
Michael A. Jacobson
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606-3910
Telephone (312) 876-7121
majacobson@arnstein.com

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: /s/ Henry M. Bohnhoff
　　　Henry M. Bohnhoff
P.O. Box 1888
Albuquerque, New Mexico 87103
Telephone: (505) 765-5900
hbohnhoff@rodey.com

*Attorneys for Defendant National Property Valuation Advisors, Inc.*

## CERTIFICATE OF SERVICE:

I hereby certify that on May 8, 2015, I filed the foregoing electronically through CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflect on the Notice of Electronic Filing:

| | |
|---|---|
| Margaret C. Ludewig | John K Ziegler |
| Stephanie Landry | Alisa Wigley-Delara |
| pludewig@lanlud.com | jkz@conklinfirm.com |
| slandry@lanlud.com | awd@conklinfirm.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant Michael W. Porter* |

　　　/s/ Henry M. Bohnhoff
Henry M. Bohnhoff