**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MFP, Inc., a New Mexico Corporation,
Mark Pagels, and Linda Pafels,

      Plaintiffs,

v.                           CIV 15-0313 MV/KBM

Michael W. Porter and
National Property Valuation Advisory, Inc.,

      Defendants.

## ORDER ON MOTION FOR PROTECTIVE ORDER

THIS MATTER came before the Court on Plaintiffs' Motion for Protective Order under Fed. R. Civ. P. 26(c)(1) *(Doc. 47)*, fully briefed October 15, 2015 *(Doc. 53)*. The Court has reviewed the submissions of the parties and the relevant authorities. Plaintiffs' motion seeks to limit the deposition of Plaintiff Mark Pagels to seven hours. Defendant contends that it should be permitted two 7-hour deposition of Mark Pagels – one in his capacity as an individual plaintiff and one in his capacity as the Rule 30(b)(6) corporate representative of the corporate plaintiff.

When presented with the same issue, one district court judge "conclude[d] that the 30(b)(6) deposition of an witness is a separate deposition from the deposition of that same person as an individual witness and is presumptively subject to a separate, independent seven-hour time limit." *Sabre v. First Dominion Capital*, L.L.C., 2001 U.S. Dist. LEXIS 20637 at 3-4 (S.D.N.Y. 2001). In doing so, Magistrate Judge Henry Pitman cautioned that

[t]his is not to say, however, that the inquiring party has carte blanche to depose an individual for seven hours as an individual and seven hours as a 30(b)(6) witness. In the case of many **closely held corporations**, the knowledge of an individual concerning a particular subject also constitutes the total knowledge of the entity**. In such a situation, the witness could simply adopt the testimony he or she provided in a former capacity, thereby obviating the need for a second deposition.** In addition, if the questioning at any deposition becomes repetitive or is otherwise being conducted in an oppressive manner, the aggrieved party can always make application for a protective order.

*Id.* (emphasis added). In yet another case, Magistrate Judge Pitman observed that

the mere fact that the principal of a corporation has been deposed is not an automatic substitute for a 30(b)(6) deposition. However, common sense teaches that in the case **of relatively small, closely-held entities**, like [the plaintiff corporation], there may be no difference between the knowledge of the entity and the knowledge of its principals. . . . A 30(b)(6) deposition may not be justified where, assuming the witness is properly prepared, the entity establishes that the witness's testimony as a 30(b)(6) witness would be identical to his testimony as an individual and the 30(b)(6) is limited, or substantially limited, to topics covered in the deposition taken in the witness's individual capacity. In such a situation, there appears to be no obstacle to the entity's complying with its obligations under Rule 30(b)(6) by adopting the witness's testimony in his individual capacity.

*A.I.A Holdings, S.A. v. Lehman Bros.* 2002 WL 1041356 at *3 (S.D.N.Y. 2002) (emphasis added)..

I echo the thoughts expressed by Judge Pitman and endorse his common sense approach towards this issue, especially given the Court's obligation to construe and administer the rules of procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Thus, after Mr. Pagels' deposition in his individual capacity, the corporate entity can adopt that testimony consistent with its Rule 30(b)(6) deposition obligation. If MFP does not adopt that testimony, or for some other reason Defendants feel that this procedure will not

2

adequately suffice as a substitute for a separate Rule 30(b)(6) deposition, Defendants

may notice that second deposition, and Plaintiffs can again seek a protective order.

**IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE